## In re ZUMKEHR.
### ZUMKEHR v. STEINMAN et al.
No. 6973.

Circuit Court of Appeals, Seventh Circuit.
Dec. 20, 1939.

Robert J. Leahy and Edward M. Shealy, both of Madison, Wis., for appellant.

R. Van Wolkenten, of Madison, Wis., for appellees.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

EVANS, Circuit Judge.

This appeal in a Section 75(s), Bankr. Act, 11 U.S.C.A. § 203(s), proceeding is from an order of the District Court, of March 31, 1939, dismissing bankrupt's petition for extension and composition under Section 75(s), and permitting the secured creditors to proceed with foreclosure proceedings theretofore restrained. The court also concluded that the petition for adjudication should be dismissed.

Bankrupt filed her petition for relief under Section 75, August 31, 1938. She stated she was in possession of her 221 acre farm in Green County, Wisconsin. She scheduled liabilities of $18,848.70 ($18,470 being the foreclosure judgment of July 19, 1938, and slightly over $200, unpaid taxes). She stated the value of her farm to be $12,-000, and scheduled assets of one horse, and farm implements valued at $119.25. The court approved the petition, September 1, 1938, as being properly filed, and referred the matter to conciliation commissioner. He stated in his report that the secured creditors were willing to accept in full payment of their debt, $13,200, which offer debtor accepted. Thereafter she reported she was unable to raise that sum.

Debtor then filed an amended petition on December 27, 1938, under Section 75(s), alleging insolvency, inability to obtain creditors' acceptance of her plan, and praying to be adjudged a bankrupt. The court, on January 5, 1939, entered an order of adjudication of debtor as a bankrupt. The secured creditors thereafter filed a motion to set aside the adjudication or to permit them to proceed with their foreclosure proceedings, on the ground of lack of good faith, and failure of debtor to make a feasi-

ble proposal for her financial rehabilitation, or in the alternative, to raise the annual rent because the established rent would not rehabilitate debtor and was not proportionate to the true value of the real estate.

On reference testimony was taken which disclosed the following matters: The appraisers valued the farm at $10,000 and a fair rental to be $4 an acre. Taxes are approximately $200 a year. The secured creditors had paid the taxes and insurance for the years 1937 and 1938.

An affidavit of debtor's attorney discloses that she made an offer to the secured creditors to repurchase the farm on a land contract at $16,200 with 3% interest, which offer was refused and met by the counter offer to sell for $13,200. Debtor was able to offer $8,000, which she would secure by a loan from the National Guardian Life Insurance Company of Madison, which offer was refused. Debtor then presented the amended petition asking to be adjudged a bankrupt under Section 75(s). She offered to pay $800 a year rental, but the creditors refused. The conciliation commissioner reported that he approved the appraiser's valuation of $10,000 and reasonable rental estimate of $800 a year.

The conciliation commissioner made an affidavit in which he stated that he considered the debtor made "a valid proposal of conciliation in good faith."

The District Court found, in its findings of fact, that the value of the property did not exceed $10,000; the judgment lien was $18,470.04 with interest at 6% from July 17, 1939; that annual interest exceeds $1100, and annual taxes exceed $200. As conclusions of law the court found that debtor has no equity in the property; that the proceedings would only postpone inevitable liquidation; any extension would be inconsistent with protection of secured creditors and the bankrupt's ability to pay with a view to her financial rehabilitation, of which there is no likelihood; that the petition and the amended petition for adjudication be dismissed; and that the restraining order be vacated.

The sole issue on this appeal is the propriety of the District Court's order setting aside bankrupt's adjudication under subsection (s), and dismissing her petition because of the finding that there was no likelihood of her financial rehabilitation.

The judgment of the District Court must be reversed, in view of the recent decision of the Supreme Court in John Hancock Mutual Life Ins. Co. v. Bartels, 60 S.Ct. 221, 223, 84 L.Ed. ——, decided December 4, 1939. The Court there said:

"The subsections of Section 75 [11 U. S.C.A. § 203] * * * contain no provision for a dismissal because of the absence of a reasonable probability of the financial rehabilitation of the debtor. Nor is there anything in these subsections which warrants the imputation of lack of good faith to a farmer-debtor because of that plight. * * *

"As Bartels' case thus fell within subsection s, he amended his petition and asked to be adjudicated a bankrupt as that subsection permits. He was so adjudicated. Bartels then asked, also as provided in subsection s, that his property be appraised, that his exemptions be set aside to him as provided by state law, and that he be allowed to retain possession of his property under the supervision of the court, that is, subject to such orders as the court might make in accordance with the statute. The court failed to take that action. Instead of having the property appraised, the court received conflicting testimony as to value, discussed the chances of the debtor's rehabilitation and dismissed the petition and all proceedings thereunder. * * * it is provided, in paragraph (3), that at the end of the three-year period, or at any time before that, the debtor may pay into court the appraised value of the property of which he retains possession. * * *

"We hold that on his amended petition invoking subsection s Bartels was entitled to be adjudged a bankrupt and to have his proceeding for relief entertained and his property dealt with in accordance with that subsection."

The instant issue is parallel with, but much stronger than that presented in the Bartels case, supra. The disposition of this appeal is therefore controlled by that decision.

The judgment of the District Court is reversed, with directions to reinstate the bankrupt's petition under subsection (s), and to proceed in conformity with that subsection.